## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUVENNISE GAMBLE , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  12-150 ERIE |
| V | ) | |
| | ) | |
| COUNTY OF ERIE, PENNSYLVANIA, | ) | |
| ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum Opinion

**I.      Introduction**

This is employment discrimination action.  *Pro se* Plaintiff, Levennise Gamble, alleges

after a brief employment relationship as a trainee with the County of Erie, Office of Children &

Youth Services that Defendants discriminated against her on the basis of her race, gender, color,

age, and medical disabilities.  This case has been pending since July 5, 2012, and during the

pendency of this litigation, each time after Defendants filed a Motion to Dismiss, Plaintiff

responded by amending her Complaint, not one or twice, but six (6) times.  Indeed, Plaintiff has

even filed a Seventh Amended Complaint (doc. no. 31) and Eighth Amended Complaint (doc.

no. 35), which she filed without seeking leave of Court, and the Seventh Amended Complaint is

currently the subject of a pending Motion to Strike (doc. no. 32).

Instead of responding to Defendants' properly filed Motion to Dismiss, to which Plaintiff

has alleged she was unable to timely respond, on July 16, 2013, she filed a Motion for Extension

of Time to File Response/Reply to the pending Motion to Dismiss.  Doc. No. 29.  Then, ten days

after the due date for Plaintiff's Response, she filed yet another Amended Complaint - - this time

a "Seventh Amended Complaint,"  (doc. no. 31), which is the subject of a pending Motion to
Strike. Doc. No. 32.

As for Plaintiff's Motion for Extension of Time (doc. no. 29), filed on July 16, 2013,
wherein she cites computer problems, transportation issues and financial constraints, her Motion
will be DENIED, since her reasons for allegedly being unable to file a response to the pending
Motion to Dismiss apparently did not encumber her ability to file yet another (Seventh)
Amended Complaint.  If her resources were running low, as Plaintiff alleges, her most prudent
course would have been to respond to the pending Motion to Dismiss, which has now been on
the docket, with no response, for almost three months.  The Court is not unsympathetic to her
issues, but the moment has now come, after being afforded an extraordinary amount of time, and
chances, to clearly plead her cause of action, and to allow this case to proceed through the
dispositive motion phase of this litigation.  Incidentally, the Court notes that Plaintiff has been
previously granted three requests for extension of time to present her claim and specify facts,
where Plaintiff alleged that she had health, work, personal and other issues which thwarted her
ability to file a timely response.  See Doc. Nos. 14, 15, 25, and Orders Granting at Doc. Nos. 16,
and by Text Orders of 11/21/12, 12/11/12, and 4/29/13.

With regard to the pending Motion to Strike the Seventh Amended Complaint, which was
due on September 10, 2013, again, no response was filed by Plaintiff.  Rather, on September 11,
2013, Plaintiff filed what she incorrectly titled a "Motion to Extend the Time to Serve," but what
does contain a one-page summary response to the pending Motion to Dismiss.  Doc. No. 34.  The
response, however, is not "responsive" to Defendant's Motion to Dismiss, but instead, states that
there is a "strong public interest" that this case stays in federal court, that "further delay will
create irreparable" financial harm to Plaintiff, that Plaintiff is a "believ[er] in the justice system

and will do [her] very best to present the knowledge of the facts in a manner and time given," and that "the circumstances surrounding [her] plea for justice and damages . . . are in fact within the scope of the law." Also, on that date, Plaintiff filed yet another Eight Amended Complaint, again without seeking formal leave to do so.[1]

The Court will now analyze Plaintiff's Sixth Amended Complaint,[2] in the context of the pending Motion to Dismiss, with Brief in Support.

## II.    Standard of Review

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the …claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To survive a Motion to Dismiss, a party must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly* 550 U.S. at 570). A claim has facial plausibility when a party pleads facts that allow the Court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. *Id*. at 1949. However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1950 (quoting *Twombly* 550 U.S. at 555). In deciding a Motion to Dismiss, the Court must determine whether the Complaint or

---

[1] Although the docket clerk titled the recent filing as a Motion for Leave to File Eighth Amended Complaint, the Court has found no such motion within the text of the filings. Rather, Plaintiff has continued her practice of filing another Amended Complaint, without seeking leave of Court to do so. To the extent, however, that the Court construes this filing as a Motion for Leave to File Eighth Amended Complaint (doc. no. 35), said motion will be DENIED.

[2] The Court will address the Motion to Strike Plaintiff's Seventh Amended Complaint hereinafter.

Answer "pleads factual content that allows the court to draw the reasonable inference that the defendant (or plaintiff) is liable for the misconduct alleged." *Pennsyl. Prison Soc. V. Cortes*, 622 F.3d 215, 233 (3d Cir. 2010) (citing *Iqbal*, 129 S.Ct. at 1949). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.*; *See also Fowler v. UPMC Shadyside*, 578  F.3d 203, 210-11.

As discussed by the United States Court of Appeals for the Third Circuit, a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth.' *Id*. at 1950.  Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' *Id*.  This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, No. 10-3539, 2011 F.3d WL 2044166, at *6 (3d Cir. May 26, 2011).

When determining whether a party has presented facts sufficient to show a "plausible claim for relief," the Court must consider the specific nature of the claim presented and the facts pled to substantial that claim.  For example, in *Fowler*, a case predicated upon a violation of the Rehabilitation Act, the Court of Appeals determined that "[t]he complaint pleads how, when, and where [the defendant] allegedly discriminated against Fowler." 578 F.3d at 212.  The Court, while noting that the Complaint was "not as rich with detail as some might prefer," the "how, when, and where" provided by the plaintiff was sufficient to establish plausibility.  *Id*. at 211-12.

The facts alleged in the Complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff.  *Iqbal*, 129 S.Ct. at 1949;

*Twombly*, 550 U.S. at 555.  The Court may not dismiss a Complaint merely because it appears

unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the

merits.  *Id*. at 556, 563 n.8.  Instead, the Court must ask whether the facts alleged raise a

reasonable expectation that discovery will reveal evidence of the necessary elements.  *Id.* at 556.

Generally speaking, a Complaint that provides adequate facts to establish "how, when, and

where" will survive a Motion to Dismiss.  *Fowler,* 578 F.3d at 212; *See Guirguis v. Movers

Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009).

In short, the Motion to Dismiss should not be granted if a party alleges facts which could,

if established at trial, entitle him or her to relief.  *Id.* at 563 n.8.

## III.    Discussion

On May 28, 2013, in response to a prior Motion to Dismiss, Plaintiff filed her Sixth

Amended Complaint, which is now pending before this Court.  Plaintiff, for the sixth time,

alleges that her rights were violated by the County of Erie, Office of Children and Youth

Services in connection with her employment.  According to the numerous iterations of her

Complaint, and the attached EEOC documents, on July 27, 2011, Plaintiff was terminated from

her position as a trainee with the County of Erie, in the Office of Children and Youth Services,

after she allegedly complained about various forms of discrimination by other employees.   She

began her employment with Defendant on April 25, 2011, as an intake specialist trainee.  The

Sixth Amended Complaint pleads claims under Title VII and the PHRA based upon race, color,

and gender discrimination, along with employment retaliation, and also a claim under the

Americans with Disabilities Act.  Further, the Sixth Amended Complaint asserts the

phrases/claims of state law defamation, emotional distress, and mental anguish.  According to

Defendants, the Sixth Amended Complaint, like all the other Complaints, possesses the same

deficiencies as the previous pleadings, and therefore, should be dismissed with no further opportunity for amendment.

### A.      Failure to Exhaust Administrative Remedies

Preliminary, the Court notes that in her Sixth Amended Complaint, at paragraphs 18 and 19 (incorrectly labeled as the second ¶ 17), Plaintiff advances claims of race, gender and color discrimination.  According to Defendants, the claim of color discrimination was not raised in the Charge of Discrimination before the Equal Employment Opportunity Commission.[3]

 "Once a charge of some sort is filed with the EEOC, . . . the scope of a resulting private civil action in the district court is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. . . .' " *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978) (quoting *Ostapowicz v. Johnson Bronze Co*., 541 F.2d 394, 398–99 (3d Cir. 1976)).  "[T]he purpose of the filing requirement is to enable the EEOC to investigate and, if cause is found, to attempt to use informal means to reach a settlement of the dispute." *Anjelino v. N.Y. Times Co*., 200 F.3d 73, 94 (3d Cir. 1999) (citing *Hicks,* 572 F.2d at 963).  The Court notes, however, that EEOC charges are given a "fairly liberal construction." *Dupont v. Slippery Rock Univ. of Pa*., 2012 WL 94548, *4 (W.D. Pa. Jan. 11, 2012); See *Polay v. West Co*. 629 F.Supp. 899, 901 (E.D. Pa. 1986).

The Court, having reviewed the EEOC Charge of Discrimination, notes that Plaintiff did not "check the box" for discrimination on the basis of "Color," but the description which

---

[3] The Court may consider the EEOC charge at the motion to dismiss phase because it is "an undisputedly authentic document" which form the basis of Plaintiff's claims.  *Pension Benefit Guar. Corp. v. White Consol Indus., Inc*. 998 F.2d 1192, 1196 (3d Cir. 1993).  The EEOC Charge of Discrimination was filed at Doc. No. 23-1, which was attached to Defendants' Motion to Dismiss the Fifth Amended Complaint.  Defendants have incorporated by references all prior briefing in their current Motion to Dismiss. Doc. No. 28 at p. 3.

followed and was written by Plaintiff did include an allegation of discrimination on the basis of "Color" (and Plaintiff further stated she is a dark skinned African-American).

Therefore, while Plaintiff did not did "check the box," for "Color Discrimination," she did provide sufficient narrative to define the scope of the EEOC investigation, and her claim for discrimination on the basis of color is not barred for failure to exhaust her administrative remedies.

**B.      Plaintiff's Claims of Discrimination**

    **1.  Disability Discrimination**

Plaintiff alleges that she was discriminated against on the basis of her "physical limitations."  She states:  "I am a dark-skinned African American female, who suffers from asthma and chemical sensitivities and a sensitivity to dust, and I also suffer from migraine headaches, aggravated and/or brought on by exposure to fluorescent lighting.  In order to accommodate my medical limitations, I require the ability to work in an environment that is fairly dust-free and I wear sunglasses to shield my eyes from the fluorescent lights."  Doc. No. 26 at ¶ 8.

Plaintiff's only allegations of disability discrimination are that she was "criticized for dusting [her] workspace to minimize [her] exposure to dust, . . . [and] criticized for wearing sunglasses to minimize the aggravating effect of the fluorescent lighting on [her] chronic migraine headaches."  Doc. No. 26 at ¶ 13-14.

In order to set forth a prima facie case of discrimination on a failure to accommodate claim under the ADA, Plaintiff must establish (1) that she is a disabled person within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of her job with or without accommodation by the employer; and (3) she has suffered an otherwise adverse

employment decision as a result of the discrimination.  *Gaul v. Lucent Techs. Inc.,* 134 F.3d 576, 580 (3d. Cir. 1998).

Plaintiff's Sixth Amended Complaint, like all the other Complaints, fails to set forth that Plaintiff is disabled under the ADA.  The ADA defines "disability" as "a physical . . . impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A).  "Major Life Activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R.  § 1630.2(I)(1997).

Plaintiff must allege that the disability is of such a degree that it impacts a major life activity, and critically, after six attempts, she has not alleged sufficient facts to satisfy this requirement.  Plaintiff's Sixth Amended Complaint reveals only the assertion that she has migraines and asthma.  The reference to asthma is actually a new allegation that was not contained within the other five (5) versions of her Complaint.  Nonetheless, there are no factual allegations to establish what, if any, major life activity is inhibited by Plaintiff's physical ailments.  Additionally, Plaintiff fails to allege that the migraines and/or asthma impact her any ability to  perform any major life activity.

Moreover, nowhere within the several iterations of her Complaints does Plaintiff plead any facts whatsoever supporting any failure to accommodate claim.  Rather, the Sixth Amended Complaint states on the contrary, that she was *permitted* to wear sunglasses and dust her work area, only that she was "criticized," and "belittle[ed]" for doing so, and by whom she does not allege.[4]  There is simply no allegation within the Sixth Amended Complaint, or any of the

---

[4] To the extent the Court construes these allegations as denoting a "hostile work environment" claim, under the ADA/PHRA, Plaintiff must not only show that she was a qualified individual with a disability under the ADA, she must allege the harassment was based

Complaints, that she suffered some type of adverse employment action because of her alleged disability, including any allegation that her employment was terminated due to her alleged disability.

### 2.  Gender Discrimination

In her latest Complaint, Plaintiff alleges that she was discriminated against in connection with her employment, on the basis of her gender.  In this sixth attempt at pleading her case, she has still alleged insufficient facts to support a claim of gender discrimination.  The only allegation within the Sixth Amended Complaint regarding alleged discrimination on the basis of gender is: "Refusing my request for a flexible schedule while permitting similarly situated white male employees to have a flexible scheduled constitutes discrimination based on sex under Title VII."  Doc. No. 26 at ¶ 19 (incorrectly referenced as ¶ 17).

To establish a prima facie case of gender discrimination under a disparate treatment theory, Plaintiff must show that: (1) she was within the protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances that could give rise to an inference of intentional discrimination. *Ullrich v. U.S. Sec'y of Veterans Affairs*, 457 F. App'x 132, 138 (3d Cir. 2012) (citing *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir.2008)).

This fact, accepted as true, and without more, falls short of setting forth a prima facie case of gender discrimination.  Plaintiff has failed to set forth a plausible claim for relief on her claim of gender discrimination because she has failed to set forth any allegation of adverse

---

on her disability; that it was sufficient severe or pervasive; and that the employer knew or should have known of the harassment, and failed to take prompt remedial action.   Her Sixth Amended Complaint, like all the others, fails in this regard as well.

employment action, much less that it occurred under circumstances that could give rise to an inference of intentional discrimination.

### 3. Race and Color Discrimination

Similar to the inadequate allegations regarding gender and disability discrimination, Plaintiff in her Sixth Amended Complaint, has failed to demonstrate a plausible claim for racial discrimination. While it appears that Plaintiff has now focused her race discrimination claim to conditions of her employment, rather than her hiring, she still fails to assert a cognizable claim of race discrimination/hostile work environment under Title VII/PHRA.

The elements of a prima facie case of racial discrimination are that: (1) Plaintiff is a member of a protected class: (2) Plaintiff was qualified for the position she held: (3) Plaintiff suffered an adverse employment action; and (4) similarly situated persons who are not members of the protected class were treated more favorably or the circumstances of Plaintiff's termination give rise to an inference of discrimination. *Kimble v. Morgan Properties,* 241 Fed. App'x 895, 897-98 (3d Cir. 2007).

Furthermore, to establish a prima facie case of racial discrimination on the basis of hostile work environment, Plaintiff must prove that: (1) she suffered intentional discrimination because of her race; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) the discrimination would negatively affect a reasonably person in the same position; and (5) respondeat superior liability exists. *Farmer v. Aramark Corp.*, 2012 WL 346688, *4 (E.D. Pa. 2012), citing *Andrews v. City of Phila.*, 895 F.2d 1469, 1482 (3d Cir. 1990)).

The sole factual allegations supporting her claim of racial discrimination/hostile work environment, are as follows:

> Co-workers questioned whether my hair was real or not, a co-worker indicated that 'we are going where the rich, white people live' driving into a particular neighborhood.  I was subjected to undue scrutiny of my time and attendance, and I was denied the ability to flex my schedule although a white, male co-worker was permitted to flex his schedule.  This refusal jeopardized my contract employment.  Racially charged comments were made by co-workers on a regular, if not daily basis.

Doc. No. 26 at ¶ 10.

Plaintiff alleges that she was questioned by her co-workers in some unknown fashion, scrutinized about her work time and attendance, and limited in her ability to have a flexible work schedule.  These bare allegations, without more, fail to identify or detail a discriminatory practice or that any adverse employment action resulted from it.  Moreover, these allegations fall short of establishing a plausible claim for relief.

### 4. Retaliation

Plaintiff's Sixth Amended Complaint, alleges retaliation against Defendant based upon "verbal abuse," she allegedly experienced after attempting to resolve her claims of race discrimination.  Doc. No. 26 at ¶ 18.  In order to make out a prima facie case of retaliation under Title VII/PHRA, a Plaintiff must demonstrate that: (1) she engaged in a protected activity; (2) that her employer took an adverse action against her; and (3) that a causal link between the protected activity and the employer's adverse action.  *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000).  Taking Plaintiff's allegations as true and from a fair reading of the Sixth Amended Complaint, it appears that Plaintiff is alleging for the first time now,[5] that her employer "retaliated" against her through some unspecified verbal abuse, after her "attempts to resolve [her] concerns of race discrimination."  Doc. No. 26 at ¶ 16.  Plaintiff does not, however,

---

[5] This claim was not set forth in any of the five (5) prior Complaints, and would appear to run afoul of Fed. R. Civ. Pr. 15(c), because this new charge does not arise out of the circumstances included in her original Complaint.

claim that her employer actually took an adverse action against her, and the Court finds that these allegations are vague and unclear and without more, do not support a valid retaliation claim. *Barber v. CSX Distribution Services*, 68 F.3d 694, 701-02 (3d Cir. 1995 ) (Merely complaining generally about unfair treatment does not constitute "protected activity" for purposes of Title VII retaliation claim); *Gautney v. American Propane, Inc.*, 107 F.Supp.2d 634 (E.D. Pa. 2000).[6]  Moreover, to the extent plaintiff is now attempting to advance some type of hostile work environment claim, the factual allegations do not set push Plaintiff's claims across the line of plausibility as is required pursuant Fed. R. Civ. Pr. 12(b)(6).

**C.       State Law Claims**

Plaintiff's Sixth Amended Complaint now adds the random handwritten phrases of "Defamation of Character," "Emotional Distress," and "Mental Anguish." Doc. No. ¶ 3 and Wherefore Clause at p. 4.  Plaintiff however has failed to set forth a plain statement of facts which would support these allegations.  Nonetheless, the Court, having dismissed all federal claims, will decline to consider Plaintiff's pendent state law claims.  28 U.S.C. § 1367.

---

[6] Having dismissed all claims on the merits, the Court will not fully analyze whether the claims against the County of Erie, Office of County Executive and Department of Human Services, and Office of Children and Youth, are precluded; however, the Court notes that Plaintiff has failed to set forth any facts to meet her burden to establish an official policy or custom, which is necessary to demonstrate a civil rights claim against these entities under 42 U.S.C. § 1983.  See *Monnell v. New York City Dept. of Social Servs.* , 436 U.S. 658, 691-92 (1978); *Connick v. Thompson*, 131 S.Ct. 1350 (2011).  Moreover, with respect to the individual Defendants named herein, there are no allegations in the Sixth Amended Complaint against any of the individually named Defendants (Mr. Grossman, Ms. Gross, Mr. Callan, Ms. Daniels, Ms. Vallone, Ms. Steves, Ms. Stevens and Ms. Beer), and in any event, such individuals, acting in their capacity as government officials, would be entitled to qualified immunity so long as their actions were objectively reasonable and did not violate the established rights of which a reasonable person would know. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1992).

**D.      Motion to Strike Seventh Amended Complaint**

Finally, pending is also a Motion to Strike the Seventh Amended Complaint (doc. no. 32), to which Plaintiff never responded.  In it, Defendants argue that Plaintiff was required by Order of Court dated June 14, 2013 to file a response to Defendants' Motion to Dismiss the Sixth Amended Complaint by July 15, 2013.  Plaintiff failed to comply with the Court's Order.  Then, on July 16, 2013, Plaintiff filed a Motion for Extension of Time to Respond to the Defendants' Motion to Dismiss.  In her Motion, Plaintiff claimed that she was unable to respond to the motion due to various issues as discussed hereinabove.  By Text Order of July 16, 2013, the Court provided Defendant an opportunity to respond without granting the motion.  Defendants filed a response challenging the basis for Plaintiff's request for more time given the multiple previous requests for extensions to plead and Plaintiff's decision to never address the merits of the Motion to Dismiss.

Pursuant to Fed. R. Civ. Pr. 15(a)(2), Plaintiff may only amend her pleading upon the opposing party's written consent, or with leave of Court.  Neither of these conditions precedent have occurred, and while the Court understands that this practice by Plaintiff of filing Amended Complaint after Amended Complaint has continued to perpetuate, the Court will not permit Plaintiff to file yet another (Seventh) Amended Complaint, or for that matter, (Eighth) Amended Complaint, as she has had numerous opportunities to plead her case without success.  While the Court should freely give leave to amend when justice so requires, it may deny leave to amend on a finding of undue delay, bad faith, prejudice to the opposing party, or futility, all of which are applicable here.  See *Jang v. Boston Scientific Scimed, Inc*. 2013 WL 4752020 (3d Cir. Del., 2013).  Accordingly, the Motion to Strike the Seventh Amended Complaint (doc. no. 32) will be

13

GRANTED; the Motion for Leave to File Eighth Amended Complaint (doc. no. 35) will be

DENIED; and, the Motion to Extend the Time to Serve (doc. no. 34) will be DENIED.

## IV.   Conclusion

For the reasons set forth hereinabove, Defendants' Motion to Dismiss (doc. no. 27) will

be GRANTED;  the Motion to Strike the Seventh Amended Complaint (doc. no. 32) will be

GRANTED; the Motion to Extend the Time to Serve (doc. no. 34) will be DENIED; the Motion

for Leave to File Eighth Amended Complaint (doc. no. 35) will be DENIED; and the Motion for

Extension of Time to respond to the pending Motion to Dismiss (doc. no. 29) will be DENIED

AS MOOT.  Had Plaintiff not previously filed six prior Complaints, all setting forth a similar

sets of facts, the Court would dismiss Plaintiff's claims without prejudice; however, under the

circumstances of this case, and after reviewed all seven (7) Complaints and Amended

Complaints (and even having reviewed the Seventh and Eighth Amended Complaints, despite

the Court's decision to strike the filing of the Seventh Amended Complaint/and to deny the

Motion for Leave to File the Eighth Amended Complaint), the Court finds that any further

amendment would be futile.  See *Lorah v. Home Helpers' Inc. Delaware Respite*, 454 Fed.

Appx. 29 (3d Cir. 2011)(Denial of *pro se* plaintiff's requests to further amend complaint was not

abuse of discretion where amendment were frivolous or advanced a claim that was legally

insufficient); See also, *Clayton v. Morgan*, 501 Fed. Appx. 174 (3d Cir. 1012).

An appropriate Order follows.

                                        **SO ORDERED** this 16th day of September, 2013.

                                        s/Arthur J. Schwab
                                        Arthur J. Schwab
                                        United States District Judge


 cc:  All Registered ECF Counsel and Parties